**In re LONGINI, Bankrupt.**

**Charles LONGINI, Appellant,**

v.

**NICHOLS, WOOD, MARX and GINTER and Aaron Grollman, Appellees.**

**No. 13765.**

United States Court of Appeals
Sixth Circuit.

April 16, 1959.

Robert N. Gorman and James W. Hengelbrok, Cincinnati, Ohio, Donald G. Warschauer and Sidney C. Brant, Cincinnati, Ohio, for appellant.

Nichols, Wood, Marx & Ginter, Cincinnati, Ohio, Harry M. Hoffheimer, Cincinnati, Leonard S. Meranus, Cincinnati, Ohio, of counsel, for appellee.

Before ALLEN and McALLISTER, Circuit Judges, and MATHES, District Judge.

PER CURIAM.

Charles Longini appeals from a judgment of the District Court reversing the order of the Referee in Bankruptcy granting him a discharge as a bankrupt. The District Court found that appellant had made a materially false written statement of his financial condition to the Central Trust Company, in which he represented his assets to be $465,000, and his liabilities to be $127,000; that the Central Trust Company, in reliance upon such statement, had made a loan of $10,000 to appellant; and that at the time he made the statement appellant was hopelessly insolvent. It appeared that in the hearing before the Referee on objections to the bankrupt's discharge, the bankrupt was a witness who was called for cross-examination. At the conclusion of the objector's evidence, the Referee, on oral motion of the bankrupt, dismissed the objections to a discharge and granted the discharge.

On the hearing of the petition for review of the order of the Referee granting the discharge, the District Court, after reviewing the extensive testimony of the bankrupt before the Referee, observed that the bankrupt had testified on cross-examination but had not testified on direct examination. The District Court declared that it was of the opinion that the Referee erred in entering the order of discharge, and that the discharge should be denied without further delay or remand. The Court thereupon granted leave to the bankrupt to proffer to the Court, through sworn statements, any evidence which he might have, and which he could present in defense to the

objections to discharge, if the Court were to receive further evidence, as provided in General Order in Bankruptcy No. 47, 11 U.S.C.A. following section 53, and to submit proposed findings of fact and conclusions of law based upon such proffered evidence.

Upon the failure and refusal of the bankrupt to make such proffer, the District Court filed findings of fact and conclusions of law, reversing the order of the Referee, and denying appellant a discharge in bankruptcy.

■ Appellant was not denied the right to submit evidence on his behalf on review. The requirement of proffer as directed by the District Court did not deprive appellant of his substantial rights. The finding of the District Court that the financial statement, made by appellant to the Central Trust Company, was materially false, was sustained by the evidence. We find no error in the reversal of the order of the Referee and the denial of discharge.

The judgment of the District Court is affirmed on the findings of fact and conclusions of law of Judge Druffel.